Evans v. Veteto.

Opinion delivered June 13, 1927.

Vendor and purchaser—agreement to pay incumbrances.—Under an agreement by which the purchaser was to pay off only incumbrances against land as shown by the records, the vendor could not recover against him, under a claim of vendor's lien, the amount which the vendor paid to procure the release from an unrecorded mortgage.

Appeal from Clay Chancery Court, Eastern District; C. M. Buck, Special Chancellor; reversed.

Ward & Ward, for appellant.

W. E. Spence, for appellee.

Kirby, J. Appellee brought this suit to enforce a vendor's lien for the balance of the purchase money claimed to be due on a tract of land sold to D. F. Evans, and to cancel a mortgage of said lands by D. F. Evans and wife to their son, Mack Evans, as a fraudulent conveyance.

The testimony shows that the parties agreed upon a sale and purchase of the lands about the first of September, 1923, for $2,700, the appellee agreeing to convey the lands free from incumbrances and furnish an abstract of title to date.

A memorandum of the agreement was executed, showing the deed was to be made to Evans and left in escrow with the Nimmons Bank until the first of December, 1923, at which time the purchase money was to be paid and the deed to be delivered, otherwise the deed was to be returned to the grantor.

After the sale was agreed on, Veteto insisted on advancing the date of payment, as he had need of some money to pay on a car he had purchased. Evans refused this request, but agreed to pay $450 upon the deed being made and put in escrow, which he did.

On the first day of December Evans was ready to pay the balance of the purchase money, and demanded the deed. Veteto was not able to make the conveyance on account of mortgages against the land. After several

conferences Evans demanded that Veteto pay him interest on his money advanced, if he was not ready to deliver the deed. Upon his refusal to do this, Evans demanded return of his money, but was unable to get it. Veteto said he had not been able to clear the title, there being a mortgage, nor was he able to get the $450 to return to Evans, and kept insisting that he should keep this payment and let Evans take the land and pay off the claims against it, and also for the abstract of title. Evans, after an examination of the records, again demanded the return of his money, preferring not to complete the purchase. Said that Veteto wanted him "to take the land, pay what was against it and let him out of it; was very anxious to do this, and deliver the deed." Evans then inquired, and found the land had been rented to Blackburn, and agreed to take the land, and the deed was delivered to him on April 7, 1924.

Veteto told him to see Blackburn and "tell him I am out of it; the land belongs to you." Blackburn paid him the rent for 1924. He had the deed recorded, arranged to pay off the Hurst mortgage, and paid up the taxes and the fee for making the abstract.

In February, 1925, Veteto asked witness if he desired to sell the land, and was told that he did not know, but would let him know, and Veteto came back in about two weeks and wanted to pay back the $450 and take the land back. Evans told him that he had run after him all winter, had a good deal of trouble about it, and that he wouldn't do it, and beside he had borrowed some money on it. He stated that Veteto had never claimed from the time of the delivery of the deed until suit was brought that there was any more purchase money due.

The testimony of appellee tends to show that there were two mortgages against the land, one to Powell Bros. for $1,000; that he understood it was to be paid off by Evans in purchasing the land; that he did not know the Powell mortgage was not of record until after February, 1925. He then claimed to have satisfied the Powell mortgage, and brought this suit for the payment of the

amount of it as balance of the purchase money. The chancellor found in his favor, and rendered a decree for $1,000, fixing it as a lien against the land, but declining to cancel the mortgage to Mack Evans as fraudulent, and from this decree this appeal is prosecuted.

The undisputed testimony shows that the contract for the sale of the land as first made was not performed, and that a new agreement was entered into under which the deed was delivered to Evans, the purchaser. He claims this was done upon his agreement to pay the incumbrances against the land as shown by the records, the taxes, and the cost of making the abstract, in addition to the payment of the $450 first made.

The appellee insists that there were two mortgages against the land; that he understood that they were both recorded, and that Evans agreed to pay the amount of these incumbrances, and had not paid the Powell mortgage, which was not in fact recorded, and that he still owed this amount to him as part of the purchase money, he having paid off the Powell mortgage.

If the purchaser agreed only to pay off the incumbrances against the land as shown by the records, he was in no wise responsible for the payment of the Powell mortgage, nor could the seller, Veteto, by paying the Powell mortgage and procuring a release therefor, recover the amount from Evans as part of the purchase money of the land, since it did not constitute a lien or incumbrance against the land, not being recorded.

The chancellor's finding, under the new agreement for the purchase of the lands, that Evans was bound to the payment of the amount of the Powell mortgage as part of the consideration for the land, is clearly against the preponderance of the testimony, in our opinion. The testimony tends to show, too, that the purchaser paid about all the lands were worth, and it is undisputed that Evans insisted upon rescinding the sale and having his money paid back to him several times after his exami-

nation of the records and discovery of the amount of the incumbrances against it.

The decree will be reversed accordingly, and remanded with directions to dismiss the complaint for want of equity. It is so ordered.